## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**NATIONAL ASSOCIATION OF TICKET BROKERS**
**1666 K Street, N.W., Suite 500**
**Washington, D.C.  20006,**

                                    **Plaintiff,**

**v.**

**ANTHONY GIRGENTI**
**33100 Groesbeck Highway**
**Fraser, MI  48026,**

                                    **Defendant.**

**Civil Action No. _____**

## COMPLAINT

Plaintiff National Association of Ticket Brokers ("NATB"), by and through counsel,

complains against Defendant Anthony Girgenti ("Defendant") and alleges as follows:

### Jurisdiction and Venue

1.      This is a classic case of cyber-squatting.  Defendant has hijacked the venerable

and trademarked name of the NATB, used it in registering the Internet domain name

www.natb.com, and established a website at that domain name using the trademarks of the

NATB despite having no rights to the trademarks and no connection to the trademarked names.

Defendant committed this act of cyber-piracy in order to profit from the generation of revenue

and sales of advertising directed at viewers diverted from the official website of the NATB.

Defendant's acts constitute trademark infringement, trademark dilution, unfair competition, and

false advertising, under both federal and state laws.

**Parties**

2.      NATB is a not-for-profit corporation organized and existing under the laws of the District of Columbia.  It is a trade association and business league of firms engaged in the reselling of tickets to entertainment and sporting events commonly known as "ticket brokers."

3.      Upon information and belief, Defendant is a resident of Michigan.  He has registered the domain names "Natb" and "natb.com."  He also owns and operates the United States Ticket Brokering Association ("USTBA"), which purports to be an association of ticket brokers and have an office in the District of Columbia.  However, the vast majority of the ticket brokers on the site are listed as "not active members" of the USTBA.  In reality, USTBA is a for-profit marketing tool of Defendant.  Defendant used www.natb.com as the domain name for the USTBA website with the clear intent of diverting consumers looking for NATB.  Defendant has also threatened to establish the North American Ticket Brokers Association and to use "Natb" and "natb.com" to promote that entity.

**Jurisdiction and Venue**

4.      This is a civil action arising under Section 43(a) of the Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and the laws of the District of Columbia.

5.      This Court has federal subject matter jurisdiction over this action under the provisions of 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

6.      The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a).

7.      The amount in controversy in this case exceeds $75,000 exclusive of interest and costs.

8.      To the extent this Court lacks original jurisdiction to hear any claim, this Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. §§ 1367(a).

9.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a).

## Facts

10.     NATB was formed in March 1994.  It is a trade association whose purpose is to set rigid ethical standards for the ticket broker industry and promote consumer protection within that industry.  Accordingly, as a condition of membership, each NATB member must agree to adhere to a strict code of ethics and comprehensive ethical complaint procedures.  NATB routinely fields calls from the public inquiring as to whether a particular broker is a member of NATB prior to entering into a business relationship with that company.

11.     NATB has used the trademarks "National Association of Ticket Brokers," "NATB," and the distinctive logo since March 1994.  Only members of NATB are authorized to use the aforementioned trademarks.

12.     NATB is the owner of the common law trademarks "National Association of Ticket Brokers," "NATB," and the trademark comprised of its distinct logo.

13.     NATB has used its marks in the conduct of interstate business since 1994.

14.     The NATB established and operates an official Internet website at www.natb.org ("Official Website").

15.     The Official Website provides comprehensive coverage of the NATB including a listing of Members by which visitors can ascertain whether the ticket broker they are dealing with or want to deal with has acquired membership in the NATB.

16.     Defendant registered the domain name www.natb.com.  Defendant established and operated the website to link consumers and the public to his USTBA website.  On that website, Defendant mirrored NATB's activities, including its Code of Ethics.  Defendant provided a list of ticket brokers, the vast majority of which were listed as non-active members of the USTBA.  Upon information and belief, Defendant has sold advertising and inscriptions to be

listed on his website based on hits ascertained through the improper use of the NATB trademarks. Defendant is also selling hyperlinks to other Internet merchants including ticket brokers.

17.    In addition to using the www.natb.com domain name, Defendant, in the content on his site, implies that it is in effect the national association for the ticket broker industry.

18.    By his acts, Defendant is profiting from his diversion of traffic seeking the Official Website for the NATB.

19.    As a result of Defendant's acts, NATB has and will sustain great and irreparable injury including that for every day that they are denied the www.natb.com domain name, they will lose substantial audience and the diversion of the public causes detriment to the exact purposes for which the NATB was formed.

## COUNT I
## (Federal Trademark Infringement)

20.    NATB incorporates the allegations of Paragraphs 1 through 19 into this Count I as if expressly set forth herein.

21.    Defendant has infringed NATB's trademarks by using the Internet domain name www.natb.com and otherwise using NATB's trademarks in connection with his business, including the USTBA, and the operation of his website.

22.    Defendant's acts constitute violations of 15 U.S.C. § 1114(1)(a) and (b).

23.    NATB has been and will continue to be damaged by Defendant's infringement of its trademarks.

24.    As a direct and proximate result of Defendant's improper conduct, NATB has suffered and will continue to suffer damages in an amount to be determined at trial, as well as severe, immediate, and irreparable injury for which it has no adequate remedy at law.

**COUNT II**
**(Federal Unfair Competition and False Designation of Origin)**

25.     NATB incorporates the allegations of Paragraphs 1 through 24 into this Count II as if expressly set forth herein.

26.     This claim for relief arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27.     NATB is the owner of the trademarks "National Association of Ticket Brokers," "NATB," and the trademark comprised of its distinct logo.

28.     NATB has used its marks in the conduct of interstate business since 1994.

29.     NATB trademarks have become well known to the public as a result of the longstanding efforts of NATB.

30.     The use by Defendant of NATB's trademarks is without NATB's consent and NATB has not authorized Defendant to use its marks.

31.     Defendant willfully, maliciously, and intentionally used NATB's trademarks in an effort to confuse and deceive consumers.

32.     This use by Defendant of NATB's trademarks and Defendant's misrepresentations are likely to cause confusion and to deceive the public into believing that Defendant is conducting his business with the consent and approval of NATB.  The activities of Defendant also create a false impression of affiliation, endorsement, or other connection with NATB.

33.     Defendant has willfully and intentionally copied and used NATB's trademarks and, in so doing, Defendant has falsely described and represented his services by creating the false impression of an affiliation, endorsement by, or other connection with NATB.

34.     As a direct and proximate result of Defendant's improper conduct, NATB has suffered and will continue to suffer damages in an amount to be determined at trial, as well as severe, immediate, and irreparable injury for which it has no adequate remedy at law.

### COUNT III
### (Federal Trademark Dilution)

35.     NATB incorporates the allegations of Paragraphs 1 through 34 into this Count III as if expressly set forth herein.

36.     Defendant has diluted NATB's trademarks within the meaning of 15 U.S.C. § 1125(c). Defendant's objectionable use of the trademarks has not been authorized by NATB.

37.     The trademarks were famous prior to Defendant's first use or illustration of the domain name www.natb.com or other use of the trademarks.

38.     Defendant's use of the trademarks, including the use of the domain name, constitutes a commercial use of the marks in commerce.

39.     Defendant's use of the trademarks and domain name dilute the quality of NATB's trademarks by diminishing the capacity of the trademarks to identify and distinguish NATB and its Members' services.

40.     Defendant's use of NATB trademarks and his improper domain name dilutes the quality of the NATB trademarks by tarnishing the good name and reputation of NATB.

41.     Defendant's acts of trademark dilution have been deliberate, knowing, willful, and intentional.

42.     As a direct and proximate result of Defendant's improper conduct, NATB has suffered and will continue to suffer damages in an amount to be determined at trial, as well as severe, immediate, and irreparable injury for which it has no adequate remedy at law.

## COUNT IV
## (Trademark Infringement)

43.     NATB incorporates the allegations of Paragraphs 1 through 42 into this Count IV as if expressly set forth herein.

44.     The actions of Defendant constitute trademark infringement under the common law of the District of Columbia and other applicable law.

45.     As a direct and proximate result of Defendant's improper conduct, NATB has suffered and will continue to suffer damages in an amount to be determined at trial, as well as severe, immediate, and irreparable injury for which it has no adequate remedy at law.

## COUNT V
## (Unfair Competition)

46.     NATB incorporates the allegations of Paragraphs 1 through 45 into this Count IV as if expressly set forth herein.

47.     Defendant has knowingly and intentionally engaged in unfair competition under the applicable common law by misrepresenting to the public that it is affiliated with the NATB and by using NATB's trademarks without consent or authorization.

48.     As a direct and proximate result of Defendant's improper conduct, NATB has suffered and will continue to suffer damages in an amount to be determined at trial, as well as severe, immediate, and irreparable injury for which it has no adequate remedy at law.

## Prayer for Relief

WHEREFORE, NATB prays for judgment in its favor and against Defendant as follows:

1.     For a temporary restraining order, preliminary injunction, and permanent injunction against Defendant, his agents, servants, representatives, employees, attorneys, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through or under them, and each of them:

a)    Restraining them from using in any manner the www.natb.com domain name, the "Natb" domain name, or any other similar term or terms as a domain name for any website service;

b)    Restraining them from directly or indirectly using the trademarks of the NATB in a manner that is likely to cause dilution, confusion, or mistake, or to deceive; and

c)    Restraining them from using in any manner a name or mark confusingly similar to the NATB trademarks in connection with Defendant's goods or services in such a manner that is likely to create the erroneous belief that these goods or services are authorized by, sponsored by, licensed by, or in some way associated with the NATB.

2.    Ordering Defendant to promptly direct all domain name registration companies to transfer the domain name "www.natb.com" and "natb" to NATB.

3.    An Order directing Defendant to inform all customers he obtained through his website that he is not affiliated with the NATB.

4.    Defendant be ordered to pay NATB compensatory damages in an amount to be determined at trial and that those damages be trebled as required by 15 U.S.C. § 1117 in light of the willful and wanton conduct of Defendant.

5.    NATB be awarded punitive damages.

6.    Defendant be required to pay NATB pre-judgment interest and post-judgment interest at a lawful rate.

7.    Defendant be required to pay NATB all its costs and attorneys' fees.

8.     Defendant be ordered to disgorge all gains, profits, and advantages derived by him from his acts of unfair competition, infringement, and other violations of law.

9.     NATB be awarded such further and other relief as the Court deems proper and just.

### Jury Demand

Plaintiff hereby demands a trial by jury on all issues properly triable by a jury.

Dated:  December 18 , 2006                            Respectfully submitted,

                                                      *Gary C. Adler*

                                                      Gary C. Adler (D.C. Bar No. 416640)
                                                      O'CONNOR & HANNAN, LLP
                                                      1666 K Street, N.W., Suite 500
                                                      Washington, D.C.  20006-2803
                                                      (202) 887-1400

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS NATIONAL ASSOCIATION OF TICKET BROKERS, 1666 K St., NW, Ste 500 Washington, DC 20006 | DEFENDANTS ANTHONY GIRGENTI, 33100 Groesbeck Highway, Fraser, MI 48026 |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001 <br> **(EXCEPT IN U.S. PLAINTIFF CASES)** <br> District of Columbia | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ <br> **(IN U.S. PLAINTIFF CASES ONLY)** <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br> `GARY C. ADLER, O'CONNOR & HANNAN, LLP 1666 K St., NW, Ste 500, Washington, DC 20006 (202) 887-1400 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A–N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/* *2255* ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination* ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT* ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ **J.** *Student Loan* ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)* ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)* ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract* ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ **N.** *Three-Judge Court* ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Cyber-squatting, trademark infringement and dilution under Lanham Act, 15 U.S.C. Section 1058, et seq.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 DEMAND $ over $75,000.00 Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

DATE 12/18/06   SIGNATURE OF ATTORNEY OF RECORD   *[signature]*   GARY C. ADLER

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.